# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-312V
April 13, 2015
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| CHRISTINA BRELAND, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \*   human papillomavirus ("HPV") vaccine; |
| | \*   seizure disorder; pre-existing seizures; |
| SECRETARY OF HEALTH | \*   no expert witness; petitioner moves for |
| AND HUMAN SERVICES, | \*   decision on written record; dismissed |
| | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John F. McHugh, New York, NY, for petitioner.
Linda S. Renzi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On April 17, 2014, petitioner sued under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that human papillomavirus ("HPV") vaccine administered April 18, 2011 caused her a seizure disorder starting April 20, 2011, and a mixed connective tissue disease, starting in September 2013.  Medical records show that petitioner had seizures predating her HPV vaccination.  Petitioner does not have any support from either the

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

medical records or expert medical opinion that her first HPV vaccination significantly aggravated her pre-existing seizures.  Moreover, petitioner does not have any support from either the medical records or expert medical opinion that HPV vaccine caused her to have a mixed connective tissue disease whose onset was two years later.

On September 10, 2014, the undersigned held the first telephonic status conference with counsel to discuss the difficulty of petitioner proving that HPV vaccine significantly aggravated petitioner's pre-existing seizure disorder or cause a mixed connective tissue disease whose onset was two years later.  Petitioner's counsel stated he needed to obtain additional medical records.

On March 13, 2015, the undersigned held another telephonic status conference during which petitioner's counsel said he would consult an expert and, if petitioner were going to proceed, he would file an amended petition to allege significant aggravation.

On April 13, 2015, the undersigned held another telephonic status conference during which petitioner's counsel said he had consulted two medical experts.  He moved for a decision on the record.  Respondent's counsel stated that petitioner's claim is not supported by the medical records or an expert medical opinion.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case for failure to prove that HPV vaccine significantly aggravated petitioner's pre-existing seizure disorder or caused her mixed connective tissue disease.

## FACTS

Petitioner was born on June 28, 1996.

On February 3, 2010, petitioner saw Dr. Alfonso Sim.  Med. recs. Ex. 4, at 31.  Petitioner had a history of sleep apnea.  Id.  One week previously, it took her father ten minutes to wake her.  Id.  On March 3, 2010, a pediatric pulmonologist recommended she see a neurologist to rule out a seizure disorder.  Id. at 30.

On April 18, 2011, petitioner received her first HPV vaccination.  Id. at 1.  She went to Brookdale University Medical Center emergency department on April 20, 2011, complaining of a generalized tonic-clonic seizure lasting five minutes.  Med. recs. Ex. 3, at 20.  She denied fever.  Id.  One year previously, she had an episode of stiffening of the body followed by confusion for about 10 minutes.  Id. at 29.  One month previously, i.e., March 2011, she had two episodes of staring and spacing out for one to two minutes.  Id.

On December 5, 2013, petitioner saw Dr. Jaya Srinivasan-Mehta, a rheumatologist, for mixed connective tissue disease.  Med. recs. Ex. 5, at 1.

**DISCUSSION**

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for HPV vaccine, she would not have seizures or mixed connective tissue disease, but also that the vaccine was a substantial factor in significantly aggravating her seizure disorder and causing her mixed connective tissue disease.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).  In this case, petitioner's medical records do not substantiate petitioner's claim of significant aggravation or causation.  Moreover, petitioner has not filed an expert medical opinion substantiating her claim of significant aggravation or causation.

The undersigned **GRANTS** petitioner's motion for a decision on the written record and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition.  42 U.S.C. § 300aa-13(a)(1).

**CONCLUSION**

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.


**IT IS SO ORDERED.**

April 13, 2015                                                                                          s/Laura D. Millman
DATE                                                                                                  Laura D. Millman
                                                                                                         Special Master